VALE INDEPENDENT CONSOLIDATED SCHOOL DIS-TRICT OF BUTTE COUNTY, Appellant, v. SCHOOL DISTRICT NO. 71 OF MEADE COUNTY, Respondent.

(222 N. W. 948.)

(File No. 6349.   Opinion filed January 5, 1929.)

*J. W. Malvin,* of Belle Fourche, and *Sutherland, Payne & Linstad,* of Pierre, for Appellant.

*Hayes & Heffron,* of Deadwood, for Respondent.

BROWN, J. This case calls for a determination of the amount of tuition that must be paid by a school district not maintaining a high school to another which does maintain a high school, for pupils of the former district attending high school in the latter district. The statute involved, chapter 214 of the Laws of 1921, provides in substance that any pupil who has successfully completed the eighth grade and holds a common school diploma may continue school work up to and including the twelfth grade by attending any educational institution in the state, or an adjoining state, furnishing a higher course of study than that offered by his home district, and that the district which he so attends shall be compensated by the school board of his home district for such instruction. The compensation to be paid per pupil by the home district to the district in which the pupil is enrolled as a high school student is to be arrived at by the county superintendent dividing the total cost of high school maintenance for the preceding year in the district maintaining the high school "by the number of pupils as per school census of pupils who have passed the eighth grade enrolled, and dividing this quotient by the number of months that the school was in session."

The controversy arises over the meaning of the phrase, "the number of pupils as per school census of pupils who have passed the eighth grade enrolled." The law makes no provision for taking a school census of pupils who have passed the eighth grade. It provides that a census shall be taken each year "of all children under twenty-one and over six years of age residing in the district." In the present case the school census did not show the number of pupils who had passed the eighth grade, but testimony of school officers introduced on the trial showed that in the year preceding that for which tuition is claimed, 10 pupils residing in the district and 12 residing outside the district who had passed the eighth grade were enrolled and attended during the school year. The total cost of high school maintenance was found to be $2,500.

Plaintiff contends, and the county superintendent decided, that tuition cost per pupil should be determined by dividing the $2,500 cost of maintenance by 10, the number of *resident* high school pupils enrolled, while defendant contends that such cost should be determined by dividing $2,500 by 22. The trial court adopted the construction contended for by defendant, and plaintiff appeals.

Since the law contains no provision for taking a school census of pupils who have passed the eighth grade, it is obvious that the word "census," as used in chapter 214, does not mean the official census of children between the ages of 6 and 21 years, "residing in the district." The word in its ordinary meaning refers to an official enumeration of the population of a country or district, New Oxford Dictionary; "an official enumeration of the population of a country or of a city or other administrative district," Webster's New International Dictionary. "The school census of pupils who have passed the eighth grade enrolled" in the high school, must be taken to mean the number of pupils enrolled in that school who had passed the eighth grade, and such enrollment is not limited to pupils residing in the district.

While the language of the sentence under consideration is not clear, we think the trial court arrived at its proper construction. This view is strengthened by the fact that the section as a whole seems to contemplate that the amount charged nonresident pupils shall be as close an approximation as possible to the actual per capita cost of high school maintenance. It says that: "The county superintendent shall determine the actual per capita cost per month of schooling a student in each of the high schools of the county." The construction contended for by appellant produces, in the present case, a result more than *double* the actual cost of schooling a student, and requires the home districts of the 12 nonresident pupils to pay $500 more than the entire cost of maintnining the high school, thus compelling such districts not only to pay for schooling their own pupils, but also for schooling the resident pupils of the high school district, and, in addition, making that district a donation of $500. We do not think this is what was intended by the Legislature in enacting this statute.

The Legislature of 1925, by chapter 155 of the Laws of that year, eliminated the uncertainty and ambiguity in chapter 214 of the Laws of 1921 by an amendment, substituting for the words,

"as per school census of pupils who have passed the eighth grade enrolled," the words, "enrolled in the High School," and we think this amendment merely made clear what was intended in chapter 214 of the Laws of 1921.

The judgment of the trial court is affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, and CAMP-BELL, JJ., concur.